

FILED

January 5, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 8:27 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| Jeffrey Pauley | ) | Docket No.: 2015-02-0320 |
| Employee, | ) | |
| | ) | |
| v. | ) | State File Number: 92910/2014 |
| TN Timber and Management Co. | ) | |
| Employer, | ) | Judge Brian K. Addington |
| And | ) | |
| American Interstate Ins. Co. | ) | |
| Insurance Carrier. | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS AND DENYING TEMPORARY DISABILITY BENEFITS
### (REVIEW OF THE FILE)

---

This cause came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing (REH) filed by the employee, Jeffrey Pauley. Mr. Pauley requested the Court decide his interlocutory claim for temporary and medical benefits on a review of the file without an evidentiary hearing. The employer, TN Timber and Management Company, did not request an evidentiary hearing. The Court issued a Docketing Notice on December 14, 2015, allowing the parties seven business days to raise any objections to the admissibility of any document filed in the case. The parties filed no objections.

The present focus of this case is Mr. Pauley's entitlement to temporary disability benefits and medical benefits after a tree branch struck him at work. For the reasons set forth below, the Court finds Mr. Pauley's injury is compensable and grants further medical benefits. The Court denies Mr. Pauley's request for temporary disability benefits.

### History of Claim

Mr. Pauley is a thirty-year-old resident of Lee County, Virginia. (T.R. 4 at 1.) He worked as a tree cutter for TN Timber and Management Company. (T.R. 4 at 1, 2.) On November 25, 2014, Mr. Pauley suffered an injury to his right thigh when a tree branch

1

struck him. (T.R. 8.)

Mr. Pauley received emergency care with Dr. Scott Smith, who opined Mr. Pauley suffered a thigh contusion. (T.R. 7 at 1, 8.)[1] Dr. Smith saw Mr. Pauley again on December 11, 2014. *Id.* at 1. Dr. Scott noticed swelling in the injured leg, but Mr. Pauley had good range of motion. *Id.* He recommended Mr. Pauley remain off work for an additional three weeks. *Id.*

After the doctor's appointment, Mr. Pauley had a conversation with Pamela Thomas, the adjuster on the claim. (T.R. 11 at 1.) During the conversation, Mr. Pauley and Ms. Thomas discussed that he previously chose Dr. Smith as the authorized treating physician. *Id.* at 10. However, Dr. Smith's office was a long distance from Mr. Pauley's home, so Ms. Thomas offered a physician closer to his residence. *Id.* She offered Dr. Greg Jeansonne, whose office was closer to Mr. Pauley's home, and Mr. Pauley chose Dr. Jeansonne from a new physician panel. (T.R. 10.)

Dr. Jeansonne's first appointment with Mr. Pauley occurred on December 29, 2014. (T.R. 6 at 6.) During the physical examination, Dr. Jeansonne opined Mr. Pauley performed inconsistent strength testing and exhibited "a component of symptom magnification for secondary gain." *Id.* at 6-7. Dr. Jeansonne returned Mr. Pauley to work with restrictions of no squatting, kneeling, or climbing and ordered physical therapy for four weeks. *Id.* at 7. TN Timber could not accommodate Mr. Pauley's restrictions, so his temporary benefits continued. (T.R. 1 at 1.)

Mr. Pauley returned to Dr. Jeansonne on March 4, 2015, with significant pain in his right thigh. (T.R. 6 at 4.) However, during the examination, Dr. Jeansonne noted Mr. Pauley showed no distress. *Id.* He opined, "I believe that the patient is now magnifying his symptoms to the point where I am unable to fully assess his recovery." *Id.* Dr. Jeansonne recommended an independent medical evaluation (IME). *Id.*

Dr. Timothy Jenkins performed an IME on May 27, 2015. (T.R. 5 at 6.) Dr. Jenkins noted Mr. Pauley had some pain but was at near full strength. *Id.* He observed Mr. Pauley could step and squat without any pain. *Id.* Dr. Jenkins noted Mr. Pauley wanted to return to work as soon as possible. *Id.* He recommended four to eight weeks of aggressive physical therapy. *Id.*

On June 10, 2015, Mr. Pauley returned to Dr. Jeansonne. (T.R. 6 at 2.) Dr. Jeansonne examined Mr. Pauley and determined he did not provide full effort during strength tests. *Id.* He recommended physical therapy once per week for eight weeks. *Id.* Dr. Jeansonne related Mr. Pauley's slow progress to his effort. *Id.*

---

[1] Although not in the record, it appears from subsequent records that Dr. Smith took Mr. Pauley off work after this initial visit.

On July 30, 2015, Mr. Pauley returned to Dr. Jeansonne and reported a new pain in his right knee. (T.R. 6 at 1.) Mr. Pauley reported no progress with the physical therapy. *Id.* Dr. Jeansonne agreed to continue Mr. Pauley's physical therapy, but also released him to work with no restrictions. He also agreed to continue to see Mr. Pauley, even though Mr. Pauley threatened to sue him. *Id.*

Mr. Pauley's average weekly wage is $379.91, which provided him a compensation rate of $253.27. (T.R. 9.)

Mr. Pauley filed a Petition for Benefit Determination (PBD) seeking temporary disability and medical benefits. (T.R. 4.) The parties did not resolve the disputed issues through mediation, and the Mediation Specialist filed the Dispute Certification Notice (DCN) on November 5, 2015. (T.R. 3.)

Mr. Pauley filed an REH on November 24, 2015. The Court considered all the information as referenced in the Docketing Notice.

### Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987); *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015).

An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

The first issue on the DCN is whether Mr. Pauley suffered an injury that arose primarily out of and in the course and scope of his employment with his employer. All the doctors who have treated Mr. Pauley have opined he suffered a thigh contusion following the incident at work. Mr. Pauley has presented sufficient evidence from which the Court can determine he is likely to succeed on this issue at a hearing on the merits.

The second issue is whether Mr. Pauley is entitled to another panel of physicians.

3

It is clear from Mr. Pauley's PBD, his affidavit, and Dr. Jeansonne's medical records, that Mr. Pauley does not care for Dr. Jeansonne. However, even when Mr. Pauley threatened to sue him, Dr. Jeansonne offered to continue treatment. An employee can choose another physician from a panel if the chosen doctor refuses to treat the employee. Tenn. Code Ann. § 50-6-204(3)(G) (2015). However, Mr. Pauley has failed to prove Dr. Jeansonne will no longer treat him.

Mr. Pauley asserted he is entitled to another panel because 1) the adjuster forced him to choose Dr. Jeansonne; and 2) Dr. Jeansonne has provided inappropriate care. It is clear that Mr. Pauley chose Dr. Jeansonne from a panel of physicians. From a review of the file, it does not appear the adjuster coerced Mr. Pauley to choose Dr. Jeansonne.

Concerning the appropriateness of treatment, Mr. Pauley asserts Dr. Jeansonne should have followed Dr. Jenkins' recommendations. After reviewing Dr. Jenkins' recommendation for physical therapy, Dr. Jeansonne recommended physical therapy. It is Mr. Pauley and not Dr. Jeansonne who reported no progress with the physical therapy. Mr. Pauley has not identified what other treatment might have been inappropriate. The Court finds Mr. Pauley has not come forward with sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits on his request for a new panel of physicians.

Another certified issue is whether Mr. Pauley is entitled to additional medical treatment recommended by a physician. Concerning the issue of additional medical treatment, Dr. Jeansonne is willing to treat Mr. Pauley. It is Mr. Pauley that does not wish to treat with Dr. Jeansonne. Apart from his dislike for Dr. Jeansonne, Mr. Pauley has presented no medical proof that he is in need of additional medical treatment that Dr. Jeansonne is unwilling to order. The Court does find, however, that Mr. Pauley is entitled to additional medical treatment with Dr. Jeansonne.

Another certified issue is whether Mr. Pauley is entitled to an evaluation by another physician. Other than his dislike for Dr. Jeansonne, Mr. Pauley has not come forward with any substantive evidence that he is entitled to an additional evaluation by another physician.

The remaining issue deals with temporary disability benefits. The record reflects TN Timber paid Mr. Pauley temporary disability benefits until Dr. Jeansonne released him to full duty. Mr. Pauley disagreed with his full-work release, but presented no expert medical proof that he should not be working at full duty. Although TN Timber did not return Mr. Pauley to employment after his release to full duty, it was under no statutory duty to do so. *See* Tenn. Code. Ann. § 50-6-234(b) (2015). For this issue, Mr. Pauley produced insufficient evidence from which the Court could determine he would be successful at a hearing on the merits.

4

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Pauley is entitled to additional medical treatment with Dr. Jeansonne.

2. Mr. Pauley's requests for a new panel of physicians, additional evaluation by another physician, treatment recommended by a physician, and temporary disability benefits are denied.

3. This matter is set for an Initial (Scheduling) Hearing on February 18, 2016, at 3:00 p.m. Eastern.

4. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 5th day of January, 2016.**

**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

A Scheduling Hearing has been set with **Judge Brian K. Addington, Court of Workers' Compensation Claims. You must call 865-594-6538 or toll-free at 855-543-5044 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).**

5

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if

6

any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Technical record:[2]
1. Affidavit of Jeffrey Pauley
2. REH, November 24, 2015
3. Final DCN issued November 5, 2015
4. PBD, September 11, 2015
5. Medical Records of Dr. Timothy Jenkins
6. Medical Records of Dr. Gregory Jeansonne
7. Medical Records of Dr. Scott Smith
8. First Report of Injury
9. Wage Statement
10. Choice of Physician Form dated December 11, 2014
11. Transcript of Recorded Statement of Jeffrey Pauley
12. Employer Response to REH.

---

[2] The Court issued a Docketing Notice on December 14, 2015, allowing the parties seven business days to raise any objections to the admissibility of any document filed in the case. The parties filed no objections.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 5th day of January, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent To: |
|------|----------------|------------------|---------|------------|-----------|----------|
| Robert Asbury, Employee's Counsel | | | | | X | asburylaw@comcast.net |
| Drew McElroy, Employer's Counsel | | | | | X | drew@drewmcelroy.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

9